IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT PALMER

In the Matter of the Application for )
Post-Conviction Relief of: )
)
STEVEN KNIGHTS, )
)
Applicant. )
_____ ) Case No. 3PA-10-02351CI

## ORDER GRANTING POST-CONVICTION RELIEF

On July 24, 2007, Mr. Knights was sentenced in 3PA-06-00978CR, for which he was initially remanded to custody on May 2, 2006. Mr. Knights was also charged federally in 3:06-cr-00088-RRB on other charges. A plea deal was negotiated that included both federal and state charges. The agreement on the state charges in 3PA-06-00978CR was that he would enter a plea of guilty to one count of Attempted Sexual Abuse of a Minor in the First Degree (hereinafter "Att. SAM 1") and one count of Distribution of Child Pornography(hereinafter "Dist. CP"). In exchange, the state agreed to a sentence of eight years to serve on the Att. SAM 1 count and three years to serve on the Dist. CP count, to be served concurrently. The state further agreed that four years of the eight year total active sentence would run concurrently to his fifteen year federal sentence in 3:06-cr-00088-RRB.

On September 30, 2010, Steven Knights filed an *Application for Post Conviction Relief from Conviction or Sentence*. On June 29, 2012, Mr. Knights, through counsel, filed an *Amended Application for Post-Conviction Relief* based on Criminal Rule 35.1(d) and (e)(2). On January 14, 2014, this court dismissed Mr. Knights' claims, granting the state's *Motion to Dismiss Mr. Knights' Amended Application for Post-Conviction Relief*.

Mr. Knights timely filed an appeal of this court's dismissal of his *Amended Application for Post-Conviction Relief*. The Court of Appeals vacated this court's *Order Granting Motion To Dismiss* and remanded to this court to hold further proceedings

consistent with the November 21, 2018 Memorandum Opinion.[1] On February 4, 2020, Mr. Knights filed a *Second Amended Application for Post-Conviction Relief*. This amendment, which was accepted by the court, alleged the following, pursuant to Alaska Rule of Criminal Procedure 35.1(a)(5)-(6) and Alaska Statute 12.72.070(5)-(6):

> Mr. Knight's jail time on the state sentenced should have been limited to four years, less statutory good time that he earned. He was held in state custody beyond the time his federal sentence began, which ultimately affects his release date from prison.[2]

Further, this amendment mooted out the questions that were to be addressed following the appellate opinion relating to Knights' subjective view of the time to serve in the plea agreement, solely focusing on what Mr. Knights' alleged was incorrect time accounting itself.

Mr. Knights' initial time accounting by Corrections Officer Oakley in the Alaska Department of Corrections set his state release date on May 1, 2010, using his May 2, 2006 initial remand date.[3] Officer Oakley noted on his Time Accounting Record that he "must do 4 yrs before Fed's take him. 4 yrs would be 5/1/10. On that date Feds will take him."[4] Ms. Oakley's calculation was clearly based on calculating good time on the total of eight years.

At trial, Knights called Sergeant Moriarty as a witness. Sergeant Moriarty is currently employed with the Department of Corrections and as a part of his duties teaches the basic time accounting course. Sergeant Moriarty testified that Mr. *Knights should have been released from state custody on December 30, 2008 if he received his good time credit.* Sergeant Moriarty agreed on cross examination that when calculating good time, it is calculated on the total sentence. The state's position was that his release date was correctly calculated based on good time credit award of the total sentence of eight years,

---

[1] A-11858.
[2] Second Amended Application for Post-Conviction Relief, p. 4
[3] *See* Exhibit AA; *see also I.T.M.O. PCR Application of Steven Knights*, 3PA-10-02351CI, Application for Post Conviction Relief from Conviction or Sentence, Sept. 22, 2010, Attachment B.
[4] Exhibit AA.

*I.T.M.O. Steven Knights*, 3PA-10-02351CI
Order Granting Post-Conviction Relief
Page 2 of 3

which would exceed the four years that was the total of the active state sentence. Sergeant Moriarty clarified, however, that where there is partially concurrent time, the time used for calculating good time is on the consecutive portions only, which in this case would be four years. With that policy, Mr. Knights' good time credit would have to be calculated based on the four year sentence, as Mr. Knights has asserted, rather on the eight years that Officer Oakley had calculated. The court finds Sergeant Moriarty's testimony credible and finds that Mr. Knights' sentence was calculated incorrectly based on an eight year sentence. There is no indication that Mr. Knights had any of his goodtime credit forfeited. Therefore, the court accepts Sergeant Moriarty's testimony that Mr. Knights' state sentence ended on December 30, 2008, thus making his time served in prison after that date attributable to his federal sentence.

For the reasons outlined above, and following this court's review of the testimony, record, and the exhibits admitted at trial and attached to the *Second Amended Application for Post-Conviction Relief*, the court finds that the applicant has met his burden of proof and therefore Mr. Knights' *Second Amended Application for Post-Conviction Relief* is GRANTED. Mr. Knights' state sentence ended on December 30, 2008, thus making his time served in prison after that date attributable to his federal sentence.

DATED this 6th day of May, 2021 at Palmer, Alaska.

_____
John C. Cagle
Superior Court Judge

I certify that on 5/7/21
a copy of this document was sent to DA
☐ (illegible)   ☒ Attorney(s) of record .PD (illegible)
☐ Plaintiff   ☐ Defendant   ☐ Other
At the address(es) of record
Record Jnl ___(R)___
Deputy Clerk

I.T.M.O. Steven Knights, 3PA-10-02351CI
Order Granting Post-Conviction Relief
Page 3 of 3